# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5719 | **DATE** | 6/4/2002 |
| **CASE TITLE** | USA vs. VIOLA WATKINS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status/pretrial conference held. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 5 2002 date docketed | 22 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | SB docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 5 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 5719 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| VIOLA WATKINS and RAMON REED, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America, filed suit against Defendants, Viola Watkins ("Watkins") and her son, Ramon Reed (Reed), alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, payment by mistake, and unjust enrichment. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction for Failure to Exhaust Administrative Remedies.

In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pleaded factual allegations as true and draws any reasonable inferences from the allegations in plaintiff's favor. *United Trans. Union v. Gateway West. R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Plaintiff alleges that, in 1993, 1994, and 1995, Reed was supported by Watkins and was considered a dependent student for purposes of receiving student financial assistance. In the school years of 1994-95, 1995-96, and 1996-97, Reed applied for student financial assistance. In the applications, Watkins and Reed provided false income information. Based on this false information, Reed received a total of three Pell Grants and two Supplemental Educational Opportunity Grants

("SEOG"). Had the Defendants not presented the false information, Reed would not have received the financial aid.

Defendants argue that the Plaintiff is required to bring the instant suit under the Program Fraud Civil Remedies Act ("PFCRA"), 31 U.S.C. § 3801, not the FCA. Plaintiff has not exhausted the administrative remedies under the PFCRA; therefore, this Court lacks subject matter jurisdiction. Defendants contend that their false statements fall explicitly within the PFCRA and do not represent "false claims" under the FCA.

The Court first addresses whether the Defendants' false statements in their applications for financial aid constitute a "false claim" under the FCA.

An individual violates the FCA if he or she "knowingly prevents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval...." 31 U.S.C. § 3729(a). "Claim" is defined in the statute as: "any request or demand, whether under a contract or otherwise, for money or property, which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded...." 31 U.S.C. § 3729(c).

The FCA "reaches beyond 'claims' which might be legally enforced to all fraudulent attempts to cause the Government to pay out sums of money". *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968) (*Neifert-White*). As such, FCA actions may be brought when an individual fraudulently supports an application to a federal agency for a loan, *Neifert-White*, 390 U.S. at 233; when a shipbuilder's construction differential subsidy applications include false data because of kickback payments, *United States v. General Dynamics Corp.*, 19 F.3d 770, 774 (2nd Dist. 1994); or when false statements are made in seeking grant money, *Lamers v. City of Green Bay*, 998 F.

2

Supp. 971, 985 (E.D. Wis. 1998).

Here, Defendants submitted applications for financial aid that contained false information. Defendants do not dispute that the money for the financial aid came from the United States Government. The false applications submitted by the Defendants constitute a request for money, and the government provided such money. *See* 31 U.S.C. § 3729(c). Furthermore, Defendant's actions constituted a fraudulent attempt to cause the Government to pay out a sum of money. *See Neifert-White*, 390 U.S. at 233. Accordingly, Defendants' false statements in their applications for financial aid constitute a "false claim" under the FCA.

As to the second part of Defendants' argument, Defendants are correct that the allegations against them also fall within the PFCRA. A person violates the PFCRA if he or she "makes, presents, or submits, or causes to be made, presented, submitted, a claim that the person knows or has reason to know is false, fictitious, or fraudulent...." 31 U.S.C. § 3802(a)(1)(A). "Claim" is defined in the PFCRA as "any request, demand, or submission made to an authority for property, services, or money, including money representing grants, loans, insurance, or benefits).... 31 U.S.C. § 3801(a)(3)(A).

However, merely because the allegations fall within the PFCRA does not lead to the conclusion that the action must be brought under the PFCRA. The PFCRA is "a sister scheme [of the FCA] creating administrative remedies for false claims–and enacted just before the FCA was amended in 1986..." *Vermont Agency of Natural Res. v. United States*, 529 U.S. 765, 786 (2000) (*Vermont*). "Moreover, there is no question that the PFCRA was designed to operate in tandem with the FCA. Not only was it enacted at virtually the same time as the FCA was amended in 1986, but its scope is virtually identical to that of the FCA." *Vermont*, 529 U.S. at 786, n. 17.

3

Neither the FCA nor the PFCRA explicitly require that an action be brought first under either statute or that the PFCRA preempts the FCA. Nor does the PFCRA implicitly preempt the FCA as analyzed below.

A remedy in one statute may not be available if a more detailed statute evidences Congress's intent to preempt the more general claim which relates to conduct for which the other statute provides a detailed remedy. *See Middlesex Cty. Sewerage Auth. v. National Sea Chambers Assoc.*, 453 U.S. 1, 19 (1981); *Brown v. General Serv. Admin.*, 425 U.S. 820, 834 (1976). However, it is "a cardinal principle of statutory construction that repeals by implication are not favored". *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976) (*Radzanower*). Preemption by implication can be found where provisions in the two statutes are in irreconcilable conflict. In such a case, the later statute constitutes a repeal of the first statute to the extent of the conflict. *See Radzanower*, 426 U.S. at 154. Preemption by implication can also be found if the later statute covers the whole subject of the earlier one and is clearly intended as a substitute. In either case, the intention of Congress must be clear and manifest. *See Radzanower*, 426 U.S. at 154.

In the instant case, the FCA and the PFCRA are not in irreconcilable conflict. *See Vermont*, 529 U.S. at 786, n. 17.

Furthermore, while both statutes address false statements made to the Government and the loss of money by the Government by such false statements, the PFCRA does not demonstrate a clear intention to substitute the FCA. Defendants do not cite to any legislative history that would indicate Congress's intent to preempt the FCA. The PFCRA was enacted shortly before the FCA was amended in 1986. *See Vermont*, 529 U.S. at 786. If Congress intended the PFCRA to preempt the FCA, Congress would not have needed to shortly thereafter amend the FCA to broaden the FCA's

4

reach. *See* S.Rep. No. 99-345, at 1 (purpose of substantial 1986 amendments was to further "enhance the Government's ability to recover losses sustained as a result of fraud against the Government" and "to make the statute a more useful tool against fraud in modern time"); *United States v. Regents of the Univ. of Minnesota*, 154 F.3d 870, 874 (8th Cir. 1998); *see also Vermont*, 529 U.S. at 786, n. 17 ("PFCRA was designed to operate in tandem with the FCA").

Furthermore, the procedure set forth under the PFCRA supports the conclusion that Congress allowed for the government to choose remedies, not limit the remedies. The PFCRA provides that an agency may first investigate the allegations of fraud. 31 U.S.C. § 3803(a)(1). If a reviewing official determines that adequate evidence exists that a person violated Section 3802, the reviewing official must transmit a written notice to the Attorney General of the intention of the official to refer the allegations to a presiding officer. 31 U.S.C. § 3803(a)(2). Th Attorney General then has ninety days to approve or disapprove the referral to a presiding officer. 31 U.S.C. § 3803(b)(1). Accordingly, the Attorney General may decide to disapprove the referral and elect to litigate under a different statute or may decide to approve the referral and still file suit under different statutes. In fact, the PFCRA acknowledges that other civil and criminal actions based on the same false statements may be pending at the same time a PFCRA action is pending and requires that hearings on the PFCRA claims be stayed if such hearings may adversely affect the other pending litigation. 31 U.S.C. § 3803(b)(3). Therefore, the PFCRA did not preempt the FCA, and Plaintiff was not required to bring the present claim under the PFCRA and exhaust any administrative procedures under the PFCRA.

Lastly, Defendants ignore Plaintiff's federal common claims against the Defendants which establish subject matter jurisdiction pursuant to 28 U.S.C. 1345. Therefore, assuming argumendo,

that Plaintiff's FCA claim should be dismissed, Plaintiff's remaining claims would still be properly before this Court.

For the reasons stated above, Defendants' Motion to Dismiss is denied.

Dated: June 4, 2002

JOHN W. DARRAH
United States District Judge

6